**Ghrair GHRAIR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74220, A77–438–748.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.[*]

Decided April 29, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Steve J. Rodriguez, Esq., Gabriel Silvers, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Mary Jane Candaux, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

█ Ghrair Ghrair petitions this court for review of the Board of Immigration Appeals' denial of his request for asylum and withholding of removal.[1] We affirm the decision of the Board of Immigration Appeals and deny the petition for review.

█ Ghrair has not presented evidence " 'so compelling that no reasonable factfinder could find' that Petitioner has not established eligibility for asylum." *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). He has not established that the persecution he experienced by smugglers, who kidnapped him twice in an effort to use his truck for illegal smuggling activities, was on account of a protected ground. *See* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Although he claims that the smugglers targeted him because he is a Christian, he conceded during his asylum

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Board of Immigration Appeals also denied Ghrair's claim for relief under the Convention Against Torture. We do not address this claim because Ghrair waived it by failing to raise it in his opening brief. *See Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir.2004).

hearing that the smugglers stopped Muslim truck drivers as well as Christians.

Ghrair also failed to establish evidence of a link between the smugglers and the Syrian government, or an inability on the part of the government to control the smugglers. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997) ("Persecution may be inflicted either by the government or by persons or organizations which the government is unable or unwilling to control.") (internal quotations omitted). Ghrair provided no documentary evidence to corroborate his claim that the smugglers were linked to the government, and his vague testimony about the alleged link was not sufficiently direct and specific to support his claim in the absence of documentary evidence. *See Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000) ("an alien's testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration.").

Because we conclude that substantial evidence supports the Board of Immigration Appeals' finding that Ghrair failed to establish eligibility for asylum, we also affirm the denial of withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001) (holding that the standard for withholding of removal is more stringent than the standard for asylum).

Because Ghrair timely requested and was granted a stay of removal pending the final resolution of this case, and the standards for a stay of removal and stay of voluntary departure are identical, we extend, *nunc pro tunc,* the stay of voluntary departure until the issuance of the mandate in this case, pursuant to General Order 6.4(c). *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004) ("We construe Desta's motion to stay removal, filed within the thirty-day period, as including a timely motion to stay voluntary departure.").

Petition DENIED and motion to stay voluntary departure GRANTED.